O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Cisneros,<br><br>          Plaintiff,<br><br>     v.<br><br>United States Immigration<br>and Customs Enforcement<br>Director<br>          Defendants. | Case No. CV 11-07825 DDP (FFM)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Motion filed on 8/21/11] |

   Presently before the court is Petitioner Carlos Cisneros' Application for a Temporary Restraining Order ("TRO").  The Application states, in its entirety:

> Detainee had a visa petition filed & pending on 3/21/2001.  His U.S. citizen son turned 21 on 2/23/2011 (DOB 4/23/90) and is petitioning for his father as an immediate relative.  Requesting TRO and Emergency Stay until a motion to reopen in immigration court can be filed.

   A temporary restraining order is meant to be used only in extraordinary circumstances.  To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities

Case 2:11-cv-07825-DDP -FFM   Document 4   Filed 09/23/11   Page 2 of 3   Page ID #:10

tips in his favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Defense Counsel</u>, 129 S.Ct. 365, 374 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2)raises serious questions and the balance of hardships tips in favor of a TRO. <u>See</u> <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Id</u>. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1] <u>Id</u>.

Furthermore, pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order

> without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

As an initial matter, it does not appear to the court that Petitioner's counsel ever notified Defendants of this application. Basic principles of due process generally require the adverse party to have notice and opportunity to be heard. Where the party seeking relief has had significant notice of the impending harm, it

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four <u>Winter</u> factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

is inimical to the spirit and intent of those due process notions – as well as basic concepts of fairness – for a plaintiff to take an approach which avoids any chance of determination on the merits. Petitioner has not provided an explanation for his failure to provide notice to Defendant.

In addition, Plaintiff's Application does not provide sufficient information to satisfy his his burden to show that a TRO is warranted.  The court cannot determine from the face of the Application that Petitioner has any likelihood of success on the merits, that Petitioner is facing the threat of irreparable harm, or that any of the other <u>Winter</u> factors are met.  Accordingly, Petitioner's Application for a Temporary Restraining Order is DENIED without prejudice.

Dated: September 23, 2011

    DEAN D. PREGERSON
    United States District Judge

3